Sylvester H. JOHNSON, Appellant,

v.

UNITED STATES, Appellee.

Dorise JOHNSON, Appellant,

v.

UNITED STATES, Appellee.

Nos. 84–1608, 84–1612.

District of Columbia Court of Appeals.

Argued Nov. 21, 1985.

Decided Jan. 29, 1986.

---

Bernard Jay Williams, for appellant Sylvester H. Johnson.

Joseph J. Bernard, for appellant Dorise Johnson.

Daniel S. Seikaly, Asst. U.S. Atty., with whom Joseph E. diGenova, U.S. Atty., and Michael W. Farrell and Carolyn J. Adams, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before MACK, NEWMAN, and TERRY, Associate Judges.

PER CURIAM:

In these consolidated appeals, Mr. and Mrs. Johnson challenge their convictions for possession of phenmetrazine with intent to distribute. We agree with Mr. Johnson's contention that the evidence is insufficient to sustain his conviction; we need not address his other contentions. We find no merit to Mrs. Johnson's claim that judicial misconduct and erroneous evidentiary rulings deprived her of a fair trial. We sustain her conviction; we reverse the conviction of Mr. Johnson.

A police officer, having information which led him to believe that drugs were being sold in the one-room premises occupied by the Johnsons, arranged a controlled purchase using an undercover informant. The purchase was successful and the officer applied for a search warrant. When the warrant was executed, both the Johnsons were lying on the bed; the police recovered a "purse/pouch" from the headboard behind where Mrs. Johnson lay. In one compartment of the "purse/pouch", the police officer found a set of keys and a ring, both of which Mrs. Johnson claimed as hers; in another of its compartments were a number of phenmetrazine tablets enclosed in a manila envelope.

During cross-examination, the police officer repeatedly stated that the informant who made the purchase never mentioned a black male being present. Finally, he said he did remember that the informant told him something about a black male being present; he reiterated this when called by the government in rebuttal.

During the trial, counsel for the Johnsons (but mainly counsel for Mr. Johnson) were chastised by the trial judge for what he perceived to be cross-examination which was repetitive or on irrelevant issues. It is this conduct and his permitting the police officer's rebuttal testimony, which Mrs. Johnson says mandates reversal.

■ Possession may be either actual or constructive. *Hack v. United States*, 445 A.2d 634, 639 (D.C.App.1982). Knowledge

of the presence of the thing is required for its possession. *Carpenter v. United States*, 475 A.2d 369, 374 (D.C.App.1984). Such knowledge may be proved by direct or circumstantial evidence. *United States v. Hubbard*, 429 A.2d 1334, 1338 (D.C.App.), *cert. denied*, 454 U.S. 857, 102 S.Ct. 308, 70 L.Ed.2d 153 (1981). While we agree with the United States that Mr. Johnson was in such proximity to the "purse/pouch" during the execution of the search warrant as to be able to exercise dominion and control over it, we hold that the evidence was insufficient to permit any reasonable juror to find that he had knowledge of the presence of the contraband within the "purse/pouch."

■ We have examined Mrs. Johnson's claims of error. While the trial judge's performance was by no means exemplary, we can say with the requisite certainty that his conduct did not deprive her of a fair trial. *See Khaalis v. United States*, 408 A.2d 313, 352–54 (D.C.App.1979), *cert. denied*, 444 U.S. 1092, 100 S.Ct. 1059, 62 L.Ed.2d 781 (1980); *Oesby v. United States*, 398 A.2d 1, 10 (D.C.App.1977). *Compare Petway v. United States*, 391 A.2d 798 (D.C.App.1978).

■ We find no abuse of discretion in the admission of the rebuttal testimony. *See Fitzhugh v. United States*, 415 A.2d 548, 551 (D.C.App.1980), and *Johnson v. United States*, 398 A.2d 354 (D.C.App. 1979).

*No. 84–1612, Affirmed;*

*No. 84–1608, Reversed.*